| | | |
|---|---|---|
| **MALEEK JONES** | : | **PRISONER** |
| *Petitioner* | : | **CASE NO. 3:13cv1003 (JCH)** |
| | : | |
| **V.** | : | |
| | : | |
| **COMMISSIONER OF CORRECTION** | : | |
| *Respondent* | : | **JANUARY 30, 2014** |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**</u>

## I.    NATURE OF THE CASE

The petitioner, Maleek Jones, is a Connecticut state prisoner currently confined at the Garner Correctional Institution in Newtown, Connecticut. The petitioner is presently serving a total effective sentence of sixty-five years incarceration, stemming from his 1995 conviction on charges of murder in violation of Connecticut General Statutes §§ 53a-54a and 53a-8, conspiracy to commit murder in violation of Connecticut General Statutes §§ 53a-54a and 53a-48, and carrying a pistol without a permit in violation of Connecticut General Statutes § 29-35.    The petitioner has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, to challenge his state convictions.

The respondent submits this memorandum in support of his Motion to Dismiss the petitioner's petition because two of the four grounds for relief raised in the petition have not been fairly and fully presented to the highest Connecticut state court, as discussed *infra*.   As a result, not all of his claims have been exhausted as required by 28 U.S.C. § 2254 (b)(1)(A).   In fact, as will be explained, *infra*, the petitioner is presently pursuing a state habeas corpus case, captioned   <u>Maleek Jones v. Warden</u>, in the Connecticut Superior Court for the Judicial District of Tolland at Rockville, bearing docket number

CV12-4004861-S, which affords the petitioner the opportunity to litigate these claims in state court, perfect the record, and ultimately exhaust these claims for possible federal habeas corpus review in the future if necessary. See Appendix Q. Because the pending Application includes both exhausted and unexhausted claims, and further, because approximately seven months of the one year statute of limitations has been tolled during the pendency of petitioner's collateral challenges in state court, the petition should be dismissed without prejudice to refiling after exhaustion of all claims in state court.

**A.    Factual Background**

On direct appeal, the Connecticut Appellate Court opinion stated that the jury reasonably could have found the following facts:

> Maleek Jones was a member of a group of about eight persons who sold narcotics in the Edgewood Avenue area of New Haven. The group was known by the name Red Line because of the color of the bags they used to sell narcotics. The group used a second floor apartment on the corner of Chapel and Beers Streets as its base of operation. The apartment was located a short distance from Saint Raphael's Hospital.
>
> The [petitioner] was involved in a relationship with Teeba Henderson, who had previously had a long term relationship with Steven Gary. Gary did not take the break up of their relationship well and continued to pursue Henderson. The [petitioner] and Gary had argued and, subsequently, in April, 1992, had a fight in which Gary was knocked unconscious.
>
> There was animosity between the Red Line group and individuals friendly with Gary who lived in the area of Carmel Street. The animosity between the two groups had escalated to the point that members of the Red Line group had gone to Gary's neighborhood, and the groups exchanged gunfire.
>
> On October 14, 1992, at approximately 1:30 a.m., Eddie Harp, a friend of Gary, was driving his station wagon in the vicinity of Saint Raphael's Hospital. Harp pulled the vehicle into the emergency room parking lot and parked in an area reserved for security vehicles. Louis Yanac, a security officer, approached Harp,

who informed Yanac that he was visiting Sheila McCray, a hospital employee, during her lunch break. Yanac observed McCray and Harp conversing in the waiting area of the emergency room. Yanac left the area to make rounds and, when he returned to the emergency room area, he noted that Harp, McCray and Harp's station wagon were gone. Harp returned to the hospital and dropped off McCray at the main entrance. At about 2:10 a.m., as Harp left the hospital driveway, shots were fired, and the vehicle rolled into a parking lot across from the hospital's main entrance.

When the police arrived at the scene, they found Harp's car running with Harp unconscious in the driver's seat. The victim was transported by ambulance to the hospital, where it was found that he had suffered three gunshot wounds, one of which had penetrated his brain, resulting in his death about six hours after the shooting.

Several hours before the murder, the [petitioner] was in the apartment at the corner of Chapel and Beers Streets with Tyrone Spears, Gene John, who was known as Pepper, and two individuals from New York. The [petitioner] and Pepper left the apartment and returned about two hours later. The [petitioner] was excited and said that "the kid from Carmel Street is outside." He and Pepper immediately ran outside armed with .357 revolvers. Spears obtained a .357 revolver that was concealed in the ceiling of a closet in the common hallway of the building and joined the [petitioner] and Pepper outside.

As Spears exited the apartment building, Pepper and the [petitioner] were near the driveway leading to the main entrance of the hospital. When the victim's vehicle pulled out of the driveway, the [petitioner], Pepper and Spears began shooting at the vehicle. The [petitioner] and Pepper were about nine feet from the driver's side of the vehicle when they opened fire. They continued to fire at the vehicle as the car rolled slowly into the parking lot opposite the main entrance. After the shooting, the three individuals ran back to the Red Line apartment.

State v. Jones, 46 Conn. App. 640, 642-44, 700 A.2d 710, cert. denied, 243 Conn. 941,

704 A.2d 797 (1997).

## B.    Procedural Background

The procedural history of this case is compiled from documents, copied and

forwarded as appendices hereto as follows:

Appendix A    Connecticut Appellate Court Decision on direct appeal, State v. Jones, 46
              Conn. App. 640, 700 A.2d 710;

Appendix B   Record on direct appeal;

Appendix C   Petitioner's Brief and Appendix on direct appeal;

Appendix D   State's Brief and Appendix on direct appeal;

Appendix E   Petitioner's Reply Brief on direct appeal;

Appendix F   Petitioner's Petition for Certification to the Connecticut Supreme Court;

Appendix G   Connecticut Supreme Court Decision denying petitioner's petition for certification, State v. Jones, 243 Conn. 941, 704 A.2d 797 (1997);

Appendix H   Memorandum of Decision of the state habeas court denying petitioner's first state habeas corpus petition; Jones v. Warden, CV98-0411361-S, Superior Court, Judicial District of New Haven, August 13, 2009 (Skolnick, J.T.R.); reported at 2009 WL 2961443 (Conn. Super.);

Appendix I   Per Curiam Connecticut Appellate Court Decision, Jones v. Commissioner of Correction, 134 Conn. App. 905, 40 A.3d 344 (2012), affirming the judgment of the first state habeas court;

Appendix J   Record on appeal of the first state habeas court's decision;

Appendix K   Petitioner's Brief and Appendix on appeal of the first state habeas court's decision;

Appendix L   Respondent's Brief and Appendix on appeal of the first state habeas court's decision;

Appendix M   Letter dated October 30, 2010 from Attorney Laljeebhai R. Patel to the petitioner Maleek Jones advising of deadline for filing a reply brief;

Appendix N   Petitioner's Petition for Certification to the Connecticut Supreme Court, seeking discretionary review of the Appellate Court decision in Jones v. Commissioner of Correction, 134 Conn. App. 905, 40 A.3d 344 (2012);

Appendix O   Respondent Commissioner of Correction's Opposition to Petitioner's Petition for Certification;

Appendix P   Decision of the Connecticut Supreme Court denying certification, Jones v. Commissioner of Correction, 305 Conn. 924, 47 A.3d 884 (2012);

Appendix Q   State of Connecticut Judicial Branch Case Detail for <u>Jones v Warden</u>, CV12-4004861-S, Superior Court, Judicial District of Tolland at Rockville (second state habeas corpus proceeding, presently pending);

## 1.   The petitioner's underlying criminal trial

Following a jury trial in the Superior Court for the Judicial District of New Haven, the petitioner was convicted of murder in violation of Connecticut General Statutes §§ 53a-54a and 53a-8, conspiracy to commit murder in violation of Connecticut General Statutes §§ 53a-54a and 53a-48, and carrying a pistol without a permit in violation of Connecticut General Statutes § 29-35.   On May 19, 1995, the trial court (Ripley, J.), imposed a total effective sentence of sixty-five years imprisonment.

## 2.   The petitioner's direct appeal of his convictions

The petitioner, who was then represented by Assistant Public Defender Susan M. Hankins, directly appealed the judgment of conviction to the Connecticut Supreme Court, which transferred the appeal to the Connecticut Appellate Court. <u>See</u> <u>State v. Jones</u>, 46 Conn. App. at 641 n.1; Appendix A.   On direct appeal, the petitioner presented his four claims as follows:

A.   Whether the trial court erred in excluding Lee Bember's testimony of a third party's confession that he shot the victim, thereby denying the defendant his constitutional right to present a defense, and whether this exclusion also constituted evidentiary error and an abuse of discretion under the circumstances of this case?

B.   Whether the trial court erred in allowing the state to offer misconduct evidence that was more prejudicial than probative regarding the defendant's drug dealing activities and violent disputes with the defendant's girlfriend's ex-boyfriend?

C.   Whether the trial court erred in refusing to give a missing witness charge under <u>State v. Secondino</u> when the state failed to call two eyewitnesses to the incident?

D.      Whether the trial court erred in failing to inquire into the defendant's claim that he was denied adequate investigation and preparation of his case as a result of his indigence, thereby denying the defendant his due process rights to effective representation, assistance of counsel, and a fair opportunity to defend against the state's accusations, and his right to equal protection of the laws?

Id. at 641-42; see also Petitioner's Brief on Direct Appeal; Appendix C.

On September 9, 1997, the Connecticut Appellate Court issued its decision affirming the petitioner's convictions. State v. Jones, supra, 46 Conn. App. 640.

Thereafter, the petitioner sought certification from the Connecticut Supreme Court for discretionary review of the decision of the Connecticut Appellate Court on only two of the four issues previously presented, framing his two claims as follows:

A.      Whether the Appellate Court erroneously refused to review the defendant's claim that the trial court was derelict in failing to inquire into the defendant's midtrial assertion to the court that as a result of the defendant's indigence he was denied investigation and preparation of his case, and thereby denied his due process rights to effective representation, assistance of counsel, and a fair opportunity to defend against the state's accusations, and his right to equal protection of the laws?

B.      Whether the Appellate Court erred in holding that the trial court did not abuse its discretion in excluding defense witness Lee Bember's testimony of a third party's confession that he shot the victim, and that the defendant's constitutional right to present a defense was not compromised by this exclusion?

See Petitioner's Petition for Certification; Appendix F.   The Connecticut Supreme Court denied the petitioner's petition for certification for appeal from the Appellate Court on November 5, 1997. State v. Jones, 243 Conn. 941, 704 A.2d 797 (1997); Appendix G.

### 3.      The petitioner's first state habeas corpus proceeding

The petitioner initiated a collateral challenge to his convictions in state court, filing a *pro se* petition for writ of habeas corpus in the Connecticut Superior Court for the

Judicial District of New Haven on April 1, 1998.   See Record on appeal of the first state habeas court's decision at 1; Appendix J.   Counsel was subsequently appointed for the petitioner, and a fifth amended petition, dated February 6, 2005, was filed on petitioner's behalf, alleging both actual innocence and ineffective assistance by trial counsel, Attorney Leo Ahern.   See Fifth Amended Petition, as contained in the Record on appeal of the first state habeas court's decision at 4; Appendix J.   In Count One of his Fifth Amended Petition, at Paragraph 9, the petitioner identified his fifteen specific claims of ineffective assistance of counsel as follows:

    a. Trial counsel failed to conduct adequate pretrial investigation into the factual issues for trial;

    b. Trial counsel failed to conduct adequate investigation into the state's case;

    c. Trial counsel failed to conduct adequate trial preparation;

    d. Trial counsel failed to conduct an adequate investigation into the physical evidence;

    e. Trial counsel failed to request a jury charge on a lesser included charge of Manslaughter;

    f. Trial counsel failed to present adequate evidence of a disability of the Petitioner existing at the time of the crime;

    g. Trial counsel failed to adequately pursue prior inconsistent statements of one or more of the State's witnesses;

    h. Trial counsel failed to adequately advise the Petitioner concerning the decision to waive a hearing in probable cause;

    i. Trial counsel failed to adequately advise the Petitioner concerning taking the stand in his own defense;

    j. Trial counsel knowingly permitted Ernestine Bember to testify against the Petitioner in direct contradiction to statements she made to trial counsel prior to her taking the stand;

k.  Trial counsel failed to object to admission of portions of a highly prejudicial letter;

l.  Trial counsel failed to object to, or take any remedial action, concerning improper remarks by the prosecutor;

m.  Trial counsel failed to take any action concerning the fact that a juror was asleep during a portion of the trial;

n.  Trial counsel failed to offer evidence under the residual exception to the hearsay rule;

o.  Trial counsel failed to act concerning a warrant which contained a request to arrest a third party and not the Defendant.

On March 25, 2009, March 26, 2009, and April 17, 2009, the habeas court (Skolnick, J.T.R.) heard evidence in petitioner's case.[1] On August 13, 2009, the court dismissed the petition in a written memorandum of decision. Jones v. Warden, CV98-0411361-S, Superior Court, Judicial District of New Haven, August 13, 2009 (Skolnick, J.T.R.); *reported at* 2009 WL 2961443 (Conn. Super.); Appendix H.

On April 14, 2009, the petitioner, represented by counsel, filed his appeal from the habeas court's decision denying his petition for a writ of habeas corpus.   On September 8, 2009, the trial court granted the petitioner's petition for certification to appeal. See

---

[1] The more than ten-year delay between when the petitioner filed his original habeas petition and his ultimate habeas hearing largely appears to have been due to his repeated inability to work with appointed counsel. On or about April 6, 1999, the petitioner was appointed the *first* of his three habeas trial attorneys, who was later permitted to withdraw. On or about February 2, 2002, the petitioner was appointed the *second* of his three habeas trial attorneys, who was also later permitted to withdraw. On or about May 27, 2003, the petitioner was appointed the *third* of his three habeas trial attorneys, who likewise was permitted to withdraw, although counsel later resumed representing the petitioner at his habeas trial.   See Record on appeal of the first habeas court's decision at 1-3; Appendix J.

Petition for Certification as contained in the Record on appeal of the first habeas court's decision at 25-27; Appendix J.

### 4. The petitioner's state habeas corpus appeal

The petitioner was represented in his habeas appeal by appointed appellate counsel, Attorney Laljeebhai R. Patel. On March 24, 2010, the petitioner's appellate counsel filed his appellate brief, in which he pursued two claims on behalf of the petitioner: 1) The habeas court erred in denying petitioner's claim of actual innocence; and, 2) the habeas court erred in its finding petitioner's trial counsel's performance was not deficient and petitioner was not prejudiced. See Petitioner's Brief and Appendix on appeal of the first habeas court's decision at iii; Appendix K. Notably, for purposes of this motion, the brief did not address each of the fifteen underlying claims of ineffective assistance of trial counsel alleged in the petitioner's Fifth Amended Petition. Rather, the appellate brief focused upon, and was limited to, claims that trial counsel was ineffective in that he failed to adequately prepare for trial; that the pretrial investigation was poorly done; that trial counsel did not speak to potential witnesses prior to trial (in particular, he failed to call Shirley McCray as a defense witness); he failed to subpoena field notes of Officer Trocchio; and he erred in advising petitioner not to testify at trial.

As the petitioner states in his Application, the petitioner's dissatisfaction with the issues raised and arguments presented in the brief filed by his appointed habeas corpus appellate counsel caused friction between the two and motivated the petitioner to seek counsel's removal and pursue the appeal on his own. The ensuing appellate procedural morass is fully described in the Commissioner of Correction's Opposition to Petitioner's Petition for Certification (Appendix O at 2-7) and will not be repeated herein. However, in

sum, the combination of, *inter alia*, petitioner's dissatisfaction with counsel's brief; petitioner's attempt to file his own supplemental *pro se* brief; the Appellate Court's refusal to allow hybrid representation; the granting of petitioner's motion to dismiss his appointed habeas appellate counsel[2](see Appendix M); the Appellate Court's subsequent granting of the petitioner's motion to file a supplemental brief; missed filing deadlines thereafter; the Appellate Court's ruling that, in light of the missed filing deadlines, the appeal would be considered on the briefs previously filed by counsel for the petitioner and the respondent, and; the petitioner's refusal to present oral argument before the Appellate Court because he had not been permitted to file his own brief, all resulted in the petitioner not being able to fully and fairly present each and every claim of ineffective assistance of trial counsel which he wished to pursue before the Connecticut Appellate Court, and which he resurrects in his pending federal Application. On April 3, 2012, the Connecticut Appellate Court affirmed the judgment of the state habeas court, without comment, after deciding the case based on the briefs filed. Jones v. Commissioner of Correction, 134 Conn. App. 905, 40 A.3d 344 (2012) (per curiam); Appendix I. Thereafter, petitioner sought certification from the Connecticut Supreme Court to review the decision of the Appellate Court on the following issues:

1. Whether the Appellate Court violated the appellant's access to the court in violation of Article 1 § 20, of the Connecticut Constitution and the 6th, 8th and 14th Amendment of the United States Constitution when it failed to allow the appellant to file his own brief, but instead forced the appellant to rely on the brief of counsel who no longer represented the appellant.

---

[2] The petitioner's habeas appellate counsel, Attorney Laljeebhai R. Patel, thus became the *fourth* appointed counsel to be removed from petitioner's state habeas case since its inception in 1998.

2. Whether the Appellate Court erred in its per curiam ruling of the underlying claims before the court, concluding the habeas court's determination that trial counsel was not deficient, and that deficient performance of trial counsel did not prejudice petitioner, and in denying the appellant's claim of innocence.

Petitioner's Petition for Certification at 1; Appendix N.

The Connecticut Supreme Court denied certification without further explanation on July 18, 2012. Jones v. Commissioner of Correction, 305 Conn. 924, 47 A.3d 884 (2012); Appendix P.

### 5. The petitioner's pending state habeas corpus case

On August 2, 2012, the petitioner initiated his second state habeas corpus action in the Connecticut Superior Court for the Judicial District of Tolland at Rockville, which was assigned Docket No. CV12-4004861-S. See State of Connecticut Judicial Branch Case Detail; Appendix Q. Subsequently, the law firm of Drapp and Jauman, LLC has been appointed as counsel to represent the petitioner. To date, no amended petition has been filed in this matter, which remains pending with a scheduled trial date of March 31, 2015. Id.

### 6. The petitioner's federal petition for writ of habeas corpus

The petitioner filed the federal habeas corpus petition which is the subject of this motion on July 15, 2013. In his petition, the petitioner presents four grounds upon which he claims he is being held in violation of the Constitution, laws or treaties of the United States. See Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody [doc. no. 1] (hereinafter "Petitioner's Application") at ¶ 17.

### a. petitioner's first claim

Petitioner's first claim is:

Whether the Appellate Court correctly refused to review the appellant's claim that the trial court was derelict in failing to inquire into the appellant's midtrial assertion to the court that as a result of the appellant's indigence he was denied investigation and preparation of his case, and thereby denied his due process rights to effective representation, assistance of counsel, and a fair opportunity to defend against the state's accusations and his right to equal protection of the laws.

Petitioner's Application at ¶ 17, Ground One.

### b. petitioner's second claim

Petitioner's second claim is:

Whether the Appellate Court correctly held that the trial court did not abuse its discretion in excluding defense witness Lee Bember's testimony of a third party's confession that he shot the victim, and that the defendant's constitutional right to present a defense was not compromised by this exclusion.

Petitioner's Application at ¶ 17, Ground Two

### c. petitioner's third claim

Petitioner's third claim is:

Ineffective assistance of trial counsel, actual innocence.

Petitioner's Application at ¶ 17, Ground Three.

### d. petitioner's fourth claim

Petitioner's fourth claim is:

Brady violation by the State of Connecticut, State's Attorney in the case of CR6362355.

Petitioner's Application at ¶ 17, Ground Four.

## II.    REASONS FOR DISMISSING THE PETITION

### A.    A Federal Habeas Corpus Petitioner Must Exhaust His State Remedies

In order for a federal court to consider the merits of a petition for a writ of habeas corpus challenging a judgment of conviction imposed by a state court, the habeas petitioner must satisfy two procedural requirements.   First, the petitioner must file the petition within the time limit set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which amended 28 U.S.C. § 2244(d)(1) to require that such petitions be filed within one year of the latest of four enumerated events.

Second, a petitioner seeking federal habeas review generally must exhaust all available state remedies prior to filing a habeas petition in federal court.   See 28 U.S.C. § 2254 (b)(1)(A); Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005)(Exhaustion of all available state remedies is a prerequisite to habeas relief).   Exhaustion of state remedies means that a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted).   In other words, "[t]he claim presented to the state court ... must be the 'substantial equivalent' of the claim raised in the federal habeas petition." Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003)(citations omitted). The claims may be presented either on direct review or through state post-conviction proceedings; "a prisoner does not have 'to ask the state for collateral relief, based on the same evidence and issues already decided by direct review.'" O'Sullivan v. Boerckel, 526 U.S. 838, 844,   119 S.Ct. 1728 (1999)(quoting Brown v.

Allen, 344 U.S. 443, 447, 73 S.Ct. 397 (1953)).   However, review in the highest court must be sought, even if such review is discretionary and unlikely to be granted, because petitioners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one *complete* round of the State's established appellate review process."   O'Sullivan, 526 U.S. at 845 (emphasis added); see also Lloyd v. Walker, 771 F.Supp. 570, 573 (E.D.N.Y. 1991)(citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979))(petitioner must have utilized all available mechanisms to secure appellate review of the denial of [his] claim.)   Furthermore, if a petitioner fails to seek state review within the time allotted by state law, or otherwise procedurally defaults his federal claims, those claims are also deemed procedurally defaulted for the purposes of federal habeas review, unless the petitioner can either show cause for, and prejudice from, the default, or demonstrate that failure to consider the claim will result in a miscarriage of justice because he is actually innocent.   See, e.g., Dretke v. Haley, 541 U.S. 386, 388, 124 S.Ct. 1847 (2004).

Although the exhaustion requirement is often difficult for *pro se* petitioners to navigate, it is not intended to block access to the federal courts.   Rather, it is intended to, and does, pay due respect to the federalist principles of our Constitution, by giving state courts an opportunity to correct any constitutional errors that may have crept into the state criminal process.   See Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407 (1971) (per curiam).

### B.    The "Mixed Petition" In This Case Should Be Dismissed

The petitioner's pending federal habeas corpus petition challenges his state conviction on four grounds: (1) that trial court error in allegedly failing to inquire regarding

mid-trial assertion by petitioner that trial counsel had conducted inadequate investigation and preparation denied petitioner his due process rights to effective representation, assistance of counsel, and a fair opportunity to present a defense; (2) that the trial court's exclusion of a defense witness regarding a third party culpability claim violated the petitioner's constitutional right to present a defense; (3) ineffective assistance of trial counsel and actual innocence; and (4) an alleged <u>Brady</u> violation by the State of Connecticut . <u>See</u> Petitioner's Application at ¶ 17. Of the four claims presented by the petitioner, only two of them have been properly presented to the state's highest court to pass upon.

### 1. petitioner's Grounds One and Two are exhausted

The claims which the petitioner has exhausted in state court are identified in his pending application for writ of habeas corpus as Grounds One and Two.

Petitioner presented these claims on direct appeal of his convictions to the Connecticut Appellate Court. <u>See</u> <u>State v. Jones</u>, 46 Conn. App. 640, 641-42, 700 A.2d 710 (1997); <u>see also</u> Petitioner's Brief on Direct Appeal (Appendix C) and Section I. B. 2, *supra*. The Appellate Court denied these claims on the merits. Petitioner later exhausted these claims by petitioning the Connecticut Supreme Court for certification to review the claims. <u>See</u> Petitioner's Petition for Certification; Appendix F. The state's highest court denied certification. <u>State v. Jones</u>, 243 Conn. 941, 704 A.2d 797 (1997); Appendix G.

### 2. petitioner's Grounds Three and Four remain unexhausted

Grounds identified as Three (ineffective assistance of trial counsel and actual innocence) and Four (a claimed <u>Brady</u> violation) remain unexhausted for purposes of obtaining federal habeas corpus review. <u>See</u> <u>Galdamez v. Keane</u>, 394 F.3d at 73.

While it is true that the petitioner alleged claims of ineffective assistance of trial counsel in his first state habeas case, as discussed previously herein, the petitioner abandoned a great number of his claims of ineffective assistance of trial counsel on appeal. (<u>Compare</u> Fifth Amended Petition, dated February 6, 2005, as contained in the Record on appeal of the first state habeas court's decision at 4 (Appendix J) <u>with</u> Petitioner's Brief and Appendix on appeal of the first habeas court's decision at 23-26 (Appendix K)). Thus, the petitioner never exhausted those abandoned claims of ineffective assistance of trial counsel by properly presenting them to the state's highest court for review. As such, the state's highest court has never had a full and fair opportunity to review all of petitioner's claims of ineffective assistance of trial counsel which he reasserts in his pending Application - a necessary precedent to review of these claims. Specifically, the petitioner has not exhausted, *inter alia*, claims that trial counsel failed to pursue evidence of the petitioner's physical injury; failed to provide proper advice regarding waiving a probable cause hearing; failed to take action regarding an alleged sleeping juror; failed to object to, or move to strike, a racially charged portion of the prosecutor's closing argument; and he failed to object when the State's Attorney expressed his personal opinion. <u>See</u> Petitioner's Application at ¶ 17 Claim Three, Supporting Facts.

With respect to petitioner's Ground Four, a claimed <u>Brady</u> violation by the State of Connecticut, no claim has *ever* been presented to the state appellate courts as such. One need only refer to the Table of Authorities contained in petitioner's Brief on appeal of the first habeas court's decision to confirm that <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194 (1963) receives no mention in the petitioner's entire brief.

16

### 3. petitioner's unexhausted claims, though procedurally defaulted in state court, are not procedurally barred

This is not to say that petitioner is now without recourse if he wishes to exhaust these claims. See Galdamez v. Keane, 394 F.3d at 73-74 (petitioner must utilize all available means to secure appellate review of his claims). The state court avenue through which petitioner may still exhaust his claims of ineffective assistance of trial counsel and an asserted Brady violation is through the filing of a habeas corpus petition alleging ineffective assistance of habeas trial counsel for failing to properly present the claims and perfect the record and ineffective assistance of habeas appellate counsel for failing to pursue each of petitioner's claims on appeal of the habeas court's decision. See Lozada v. Warden, 223 Conn. 834, 613 A.2d 818 (1992). Although the respondent is unaware of what issues the petitioner will ultimately pursue in his pending state habeas corpus action (because no amended petition has been filed since the appointment of counsel), the pending state case will allow for such action if the petitioner chooses.

In Lozada v. Warden, 223 Conn. at 839 n.8, the Connecticut Supreme Court recognized that, although there is no federal constitutional right to counsel in habeas proceedings; See Pennsylvania v. Finley, 481 U.S. 551, 559, 107 S.Ct. 1990, 1995-96 (1987); under Connecticut law there is a statutory right to counsel in habeas proceedings arising out of a criminal matter under Connecticut General Statutes § 51-296. Lozada v. Warden supra at 838. Furthermore, the Court recognized that "[i]t would be absurd to have the right to appointed counsel who is not required to be competent." Id. at 839-40. Therefore, the Court held that the writ of habeas corpus is an appropriate remedy for an ineffective assistance of habeas counsel claim. Id. at 843.

17

As described above, the petitioner retains an avenue by which he can still exhaust his claims in state court. The petitioner acknowledges this fact inasmuch as he is presently pursuing a second state habeas case in state court. See Appendix Q; see also Section I.B.5., *supra*. Unless, and until, the petitioner properly presents his unexhausted claims to the state's highest court, he cannot obtain federal habeas corpus review of those claims.

Because the petitioner's claims are not procedurally barred, it is premature at this juncture for this federal court to conduct the cause and prejudice analysis which the court would need to undertake in order to excuse his failure to exhaust. Indeed, such analysis is only appropriate when petitioner has no recourse in state court. See Reyes v. Keane, 118 F.3d 136, 140 (2d Cir. 1997) (A failure to exhaust is excused as a procedural default only when the court where petitioner would bring his unexhausted claims would now find those claims procedurally barred.). Such is not the case.

### 4. a stay of the proceedings is not appropriate given the procedural history of petitioner's case

Because two out of four of the claims presented by the petitioner are not exhausted, it is apparent that the petitioner has presented this Court with a mixed petition. Traditionally, a mixed petition was dismissed without prejudice to refiling after the petitioner had exhausted all claims. See Slack v. McDaniel, 529 U.S. 473, 486, 120 S.Ct. 1595 (2000) (citing Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198 (1982)). However, the interplay of Lundy's requirement of total exhaustion with AEDPA's one year statute of limitations created the risk that some petitioners would forever lose the opportunity to have a federal court review the claims originally presented in a mixed

petition.   Addressing this problem, the Second Circuit held that, where dismissal would preclude a petitioner from having all his claims addressed by a federal court, a district court had discretion to "dismiss only unexhausted claims and stay proceedings as to the balance of the petition, . . . condition[ing] the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days."   See Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001).

In March 2005, the Supreme Court endorsed a "stay and abeyance" procedure similar to the one set forth by the Second Circuit in Zarvela, but stated that the procedure "should be available only in limited circumstances."   Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).   According to the Supreme Court, the exercise of discretion to stay proceedings as to the exhausted claims of a petition is appropriate when "there [i]s good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and petitioner is not engaging "in abusive litigation tactics or intentional delay."   Id. at 1535.   The Supreme Court also endorsed Zarvela's recommendation that district courts "'should explicitly condition the stay on the prisoner's pursuing state court remedies with a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'"   Id.   (quoting Zarvela, 254 F.3d at 381).

However, under the particular facts of petitioner's case, a stay of the proceedings is inappropriate because approximately seven months of the limitations period remains. In light of petitioner's pending state case, the one-year statute of limitations for federal filing purposes is presently tolled and will remain so until the conclusion of that case, including appellate review.   Were petitioner to return to federal court in a timely fashion

following exhaustion of these claims in state court the limitations period would not present a bar to presentment of his federal claims.

## III.    CONCLUSION

As demonstrated above, the petitioner has submitted a "mixed petition" containing both exhausted and unexhausted claims which the respondent respectfully suggests should be dismissed entirely, without prejudice to refiling after petitioner exhausts his presently unexhausted claims, because the statute of limitations has remained tolled throughout by petitioner's pending state case.

Respectfully submitted,

JAMES DZURENDA
STATE OF CONNECTICUT
COMMISSIONER OF CORRECTION
RESPONDENT

By: _____/s/_____

DAVID M. KUTZNER
Senior Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (facsimile)
E-mail: David.Kutzner@po.state.ct.us
Fed. Bar. No. ct 08123

## CERTIFICATION

I hereby certify that a copy of the foregoing document was mailed, first class postage prepaid, to Maleek Jones, Inmate No. 179912, Garner Correctional Institution, 50 Nunnawauk Avenue, Newtown, Connecticut 06470 on January 30, 2014.

_____/s/_____
DAVID M. KUTZNER
Senior Assistant State's Attorney