UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MALEEK JONES, | : | |
|     Petitioner, | : | PRISONER CASE NO. |
| | : | 3:13-cv-1003 (JCH) |
| v. | : | |
| | : | APRIL 4, 2014 |
| COMMISSIONER OF CORRECTION., | : | |
|     Respondent. | | |

**RULING RE: RESPONDENT'S MOTION TO DISMISS (Doc. No. 14)**

**I.  INTRODUCTION**

The petitioner, Maleek Jones ("Jones"), filed this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his conviction for murder, conspiracy to commit murder and carrying a pistol without a permit.  The respondent, Commissioner of Correction ("Commissioner"), has moved to dismiss the Petition because Jones has not exhausted his state court remedies with regard to all grounds for relief.  For the reasons that follow, the Motion to Dismiss is **GRANTED**.

**II.  PROCEDURAL BACKGROUND**

Jones was convicted after a jury trial of murder, conspiracy to commit murder and carrying a pistol without a permit.  He was sentenced to a total effective term of imprisonment of sixty-five years.  See Respondent's Memorandum in Support of Motion to Dismiss ("Res.' Mem.") (Doc. No. 14-1) at Ex. B at 10.

On direct appeal, Jones challenged his conviction on four grounds:  (1) The trial court excluded the testimony that a third party confessed to shooting the victim; (2) the trial court permitted the state to offer misconduct evidence that was more prejudicial than probative; (3) the trial court refused to give a missing witness charge; and (4) the

trial court failed to inquire into Jones' claim that he was denied adequate investigation and preparation of his case because he was indigent, thereby denying him his due process rights to effective representation and a fair trial.  The Connecticut Appellate Court affirmed the conviction.  See State v. Jones, 46 Conn. App. 640, 641-42 (1997).

Jones sought certification from the Connecticut Supreme Court on two of the claims presented to the appellate court: first, whether the trial court should have inquired into his claim that he was denied investigation and preparation due to indigence and, second, whether the trial court abused its discretion and denied Jones his constitutional right to present a defense when it excluded testimony regarding the third-party confession.  On November 5, 1997, the Connecticut Supreme Court denied certification.  See State v. Jones, 243 Conn. 941 (1997).

On April 1, 1998, Jones filed his first state habeas action.  In his fifth Amended Petition, he asserted claims of actual innocence, denial of due process, and ineffective assistance of counsel.  Jones argued that trial counsel was ineffective in fifteen ways: (1) Inadequate pretrial investigation into factual issues for trial; (2) failure to adequately investigate the state's case; (3) inadequate trial preparation; (4) inadequate investigation of physical evidence; (5) failure to request jury charge on lesser included charge of manslaughter; (6) failure to present evidence of physical disability of petitioner at time of incident; (7) failure to pursue prior inconsistent statements of state's witnesses; (8) inadequate advice concerning decision to waive probable cause hearing; (9) inadequate advice regarding whether to testify; (10) allowed witness to testify against the petitioner in direct contradiction to statements she made to trial counsel

before taking the witness stand; (11) failure to object to admission of highly prejudicial letter; (12) failure to object to improper remarks by prosecutor; (13) failure to take action when juror was asleep during portion of trial; (14) failure to offer evidence under residual exception to hearsay rule; and (15) failure to raise warrant containing request to arrest third party and not Jones.  See Res.' Mem. at Ex. J, at 5-6.  The trial court denied the petition.  See Jones v. Warden, State Prison, No. CV98-0411361-S, 2009 WL 2961443 (Conn. Super. Ct. Aug. 13, 2009).

On appeal, Jones raised his claims of ineffective assistance of counsel and actual innocence.  In his brief, however, Jones addressed only his claims that trial counsel was ineffective for failing to adequately prepare for trial, conducting a deficient pretrial investigation, failing to speak to potential witnesses prior to trial, failing to subpoena a detective's field notes, and advising Jones not to testify at trial.  See Petition ("Pet.") (Doc. No. 1); Res.' Mem. at Ex. K.  As a result of disagreement between Jones and his appointed counsel regarding which issues to include and an ensuing series of events recounted in the Commissioner's Opposition to the Petition for Certification, Res.' Mem. at Ex. O, at 3-7, Jones did not include all of the grounds for relief he wished to present to the appellate court.  The Connecticut Appellate Court affirmed the judgment and, on July 18, 2012, the Connecticut Supreme Court denied certification.  See Jones v. Commissioner of Correction, 134 Conn. App. 905 (per curiam), cert. denied, 305 Conn. 924 (2012).

On August 2, 2012, Jones commenced a second state habeas action which remains pending.  Counsel has been appointed to represent Jones but an amended

3

petition has not yet been filed.

### III. STANDARD OF REVIEW

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a).

Before filing a petition for writ of habeas corpus in federal court, the petitioner must properly exhaust his state court remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005), cert. denied, 544 U.S. 1025 (2005).

### IV. DISCUSSION

Jones challenges his conviction on four grounds. First, he challenges the refusal to inquire into his assertion that he was denied adequate preparation and investigation because of indigency. Second, he contends that the trial court improperly excluded testimony regarding a third-party confession and that the exclusion violated his right to present a defense. Third, Jones asserts a claim of ineffective assistance of trial counsel and actual innocence. Specifically, he contends that trial counsel was ineffective by failing to subpoena a detective's field notes, pursue evidence that Jones had an actual injury at the time of the incident, seek evidence of the physical description of the

4

perpetrators which did not match Jones', interview or subpoena eyewitnesses who gave the descriptions, investigate Jones' claim of innocence, properly advise Jones regarding whether to testify at trial, take action regarding a sleeping juror, prepare adequately for trial, prepare witnesses to testify, and object to the prosecutor's expression of personal opinion or use of racially charges comments during closing argument.  Finally, Jones asserts a violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963).

The Commissioner contends that Jones has only exhausted his state court remedies with regard to the first two grounds for relief, the grounds raised on direct appeal, and that he has not presented the entirety of his third ground for relief to the Connecticut appellate courts or the fourth ground for relief to any state court.

A comparison of Jones' third ground for relief in this petition with the examples of ineffective assistance of counsel asserted on appeal in his first state habeas case show that the only ineffective assistance of counsel claims that have been exhausted are those pertaining to the adequacy of trial preparation and investigation, witness preparation, securing the detective's field notes, and advising the petitioner whether to testify at trial.  Jones has not presented any of the other examples to the Connecticut Supreme Court.  Thus, Jones has not exhausted his state court remedies with regard to the other examples of ineffective assistance of counsel.

Jones also argues that by withholding the detective's field notes, the state violated his rights under Brady.  He contends that the notes would have shown that he was wearing a cast or splint on his left hand on the night of the incident.  Jones contends that by withholding this information, the state prevented him from presenting a

5

vital aspect of his defense, that he had a physical injury preventing him from being the shooter.  See Pet. at 25.  Although Jones included a claim that trial counsel was ineffective for failing to ensure that the defense had a copy of the notes, he did not assert a separate Brady claim either on direct appeal or in his first state habeas action.  Jones has not exhausted his state court remedies with regard to the fourth ground for relief.

Jones has filed a mixed petition, i.e., a petition containing exhausted and unexhausted claims.   Federal district courts are required to dismiss mixed petitions.  See Pliler v. Ford, 542 U.S. 225, 230 (2004) (citing Rose v. Lundy, 455 U.S. 509, 510, 522 (1982)).

In 1996, Congress amended the federal habeas corpus statutes to impose a one-year limitations period for filing a federal petition for habeas corpus.  See 28 U.S.C. § 2244(d).  The combined effect of the limitations period and the requirement that mixed petitions be dismissed can result in the petitioner's loss of all of his claims, including those for which he has exhausted his state remedies, because the limitations period may expire while the petitioner returns to state court to pursue his state court remedies on the unexhausted claims.  To address this problem, the Second Circuit directed the district court not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having the exhausted claims addressed by the federal court.  See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).  The Supreme Court also

6

has endorsed the stay and abeyance procedure where the petition includes exhausted and unexhausted claims. See Rhines, 544 U.S. at 277-78 (noting that a stay of federal proceedings to enable the petitioner to return to state court to exhaust his state remedies with regard to some claims should be utilized only in limited circumstances, where the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition and the petitioner may be time-barred if the case were dismissed).

In this case, a stay is not required. The limitations period commenced on February 3, 1998, at the conclusion of the time within which Jones could have filed a petition for writ of certiorari at the United States Supreme Court. The limitations period was tolled 56 days later, on April 1, 1998, when Jones filed his first state habeas action. The limitations period began to run again on July 18, 2012, when the Connecticut Supreme Court denied certification of the appeal of the first habeas action, but was tolled 15 days later when Jones filed his second state habeas petition, which remains pending. Thus, nearly ten months of the limitations period remains.

Jones has not exhausted his state court remedies with regard to all grounds for relief. Thus, this is a mixed petition and must be dismissed without prejudice. Jones may file another federal habeas action after he exhausts his state court remedies. As an alternative, Jones may file a motion to reopen accompanied by an amended petition containing only the exhausted claims. If he elects this option, however, he may be precluded from obtaining federal review of the unexhausted claims.

## V. CONCLUSION

The Motion to Dismiss (**Doc. No. 14**) is **GRANTED** and the Petition is dismissed without prejudice.  The Clerk is directed to enter judgment in favor of the respondent and close this case.

The court concludes that an appeal of this order would not be taken in good faith because no reasonable jurist could conclude that Jones has exhausted his state court remedies with regard to all grounds for relief.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**SO ORDERED**.

Dated this 4th day of April 2014, at New Haven, Connecticut.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge